UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Martel Artis,

Petitioner

v.

Warden of High Desert State Prison,

Respondent

Case No. 2:26-cv-02882-CDS-DJA

**Dismissal Order**

Petitioner Martel Artis filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. Following an initial review of the petition, I instructed Artis to show cause why his petition should not be dismissed with prejudice as time barred and/or dismissed without prejudice as wholly unexhausted. ECF No. 5. In response, Artis filed a motion for stay regarding the exhaustion issue and a motion to show cause regarding the timeliness issue. ECF Nos. 6, 9. For the reasons discussed below, I dismiss the petition with prejudice.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, Artis did not file an appeal of his judgment of conviction, convicting him of conspiracy to commit robbery, in case number C-24-385362-1, which was filed on January 21, 2025. Thus, Artis's conviction became final on the date in which the time for seeking direct review expired: February 20, 2025. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations began to run the following day: February 21, 2025. Artis timely filed a state habeas petition on February 13, 2026, in case number A-26-939467-W, tolling the AEDPA clock. As a result, 357 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 8 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Artis's state habeas petition. Tolling ended on May 11, 2026, which was Artis's deadline to appeal the state court's April 11, 2026, denial of his state habeas petition. *See Melville v. Shinn*, 68 F.4th 1154, 1160–61 (9th Cir. 2023) (explaining that a state postconviction review application qualifies as "pending" under AEDPA's statute of limitations as long as a state avenue for relief remains accessible, regardless of the petitioner's utilization). The AEDPA clock restarted the following day, May 12, 2026, and expired 8 days later on May 20, 2026. Artis's petition was transmitted to this Court on September 11, 2026, so it was filed 114 days after his AEDPA statute of limitations expired.

Artis explains that he did not receive the state court's order denying his state habeas petition until August 26, 2026. ECF No. 9 at 3. Even if I were to find that Artis is entitled to tolling until August 26, 2026, when he allegedly received the state court's order, Artis's petition was still filed after his AEDPA statute of limitations expired. Indeed, under this scenario, Artis's AEDPA clock would have restarted on August 27, 2026, and expired 8 days later on September 4, 2026. But Artis's petition was not transmitted until September 11, 2026.

Because Artis fails to show cause why his petition should not be dismissed as untimely, I dismiss the petition with prejudice. Accordingly, Artis's motion for a stay regarding his lack of exhaustion is denied as moot.

## III. Conclusion

It is therefore ordered that the petition **[ECF No. 1-1] is dismissed with prejudice**. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the petition for the reasons discussed herein to be debatable or wrong.

It is further ordered that the motion for stay and motion to show cause **[ECF Nos. 6, 9] are denied**.

It is further kindly ordered that the Clerk of Court (1) file the petition [ECF No. 1-1], (2) add Nevada Attorney General Aaron D. Ford as counsel for the respondent,[1] (3) provide the Nevada Attorney General with copies of this order and all other filings in this matter by regenerating the notices of electronic filing, (4) enter judgment, and (5) close this case.

Dated: October 22, 2026

Cristina D. Silva
United States District Judge

[1] No response is required from Respondents other than to respond to any orders of a reviewing court.